BRADFORD RUSSELL *vs.* DANIEL GOODRICH & another

After a magistrate has announced his decision not to administer the poor debtors' oath to the who has been arrested on execution and examined before him, he has no power to ad- journ the case, and the debtor has no right of appeal, and is not bound by his recogni- zance to appear on any future day to which the case is adjourned.

CONTRACT on a recognizance taken under Gen. Sts. *c.* 124, § 10, with condition that the defendant Goodrich, who had been arrested on an execution in favor of the plaintiff, should within thirty days from the time of his arrest deliver himself up for examination, giving notice as therein provided, and making no default, and abide the final order of the magistrate thereon.

It was agreed in the superior court that after the parties had examined Goodrich, at the time and place fixed for the examina- tion, the magistrate decided not to admit him to take the oath, and Goodrich appealed ; and, at his request, he was not re- manded to the custody of the officer, but was allowed two days to procure sureties, and the meeting was accordingly adjourned, and he went away and never afterwards appeared before the magistrate.

Upon these facts, judgment was rendered for the defendants, and the plaintiff appealed to this court.

*A. F. Badger,* for the plaintiff.

*E. A. Kelly,* for the defendants.

BIGELOW, C. J.   We do not see that there has been any breach of the recognizance declared on.   The debtor attended at the time and place appointed for his examination, and until it was finished, and the magistrate had made his final order and

adjudication, by which he refused to administer to him the poor debtors' oath. He was then liable to be taken on the execution, if the officer was present to serve it. But the debtor was not bound to go in search of the officer, or to take any steps to cause himself to be arrested and committed to jail; nor has he committed any breach of the condition of his recognizance, because the officer failed to be ready to take him on the execution after the magistrate had refused him the oath. His presence there after the examination was completed and the decision of the magistrate was pronounced was a full compliance with the condition of the recognizance. *Jacot* v. *Wyatt*, 10 Gray, 236, 239. *Doane* v. *Bartlett*, 4 Allen, 75. *Skinner* v. *Frost*, 6 Allen, 285. All the subsequent proceedings of the magistrate, after he had adjudicated on the question of the right of the debtor to take the poor debtors' oath, were *coram non judice* and void. The law gives no appeal to the debtor from the decision of the magistrate, except in cases where charges of fraud have been filed under Gen. Sts. *c.* 124, § 5, and a hearing is had thereon, according to §§ 32, 33. No such charges were filed in the present case. The magistrate had no authority or jurisdiction to adjourn the case after he had decided to refuse the oath to the debtor, nor was the latter bound to attend at the time and place of such adjournment.  *Judgment for the defendants.*